UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT J. FREY,

    Plaintiff,

v.                                              Case No: 8:17-cv-147-T-30JSS

A. BINFORD MINTER and
HAROLD BLACH, JR.,

    Defendants.
_____

## ORDER

THIS CAUSE comes before the Court upon Defendant A. Binford Minter's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 17), Defendant Harold Blach, Jr.'s Motion to Dismiss the same (Doc. 18), and Plaintiff's Response in Opposition (Doc. 19). As discussed further below, the Court agrees that venue in this district is improper. However, rather than dismiss Plaintiff's First Amended Complaint (Doc. 16), the Court will transfer this action to the Middle District of Georgia.

## BACKGROUND

Plaintiff Robert J. Frey is an attorney who is licensed to practice law in Georgia but lives in Sarasota, Florida. He is suing another licensed Georgia attorney, A. Binford Minter, and Minter's client, Harold Blach, Jr., for defamation.

Plaintiff used to provide legal representation to an individual named Sal Diaz-Verson. Plaintiff represented Diaz-Verson in a number of matters over several years, which resulted in Diaz-Verson owing him more than $350,000 in attorney's fees. In 2009, a

creditor obtained a $395,000 judgment against Diaz-Verson; it subsequently filed a garnishment action against him. In 2012, Diaz-Verson entered into a settlement with the creditor, in which they agreed that the creditor would assign a portion of its judgment against Diaz-Verson to Plaintiff "to provide Plaintiff with some security" for the attorney's fees he was owed.[1] (Doc. 16, ¶ 24.)

In 2014, Defendant Blach obtained a $160,000 judgment against Diaz-Verson. Defendant Blach has since attempted to collect on that judgment by filing garnishment actions against Diaz-Verson in the U.S. District Court for the Middle District of Georgia In response, Plaintiff filed third-party claims to the garnishment funds based on his superior judgment against Diaz-Verson. Plaintiff and Defendant Blach have also filed related actions in the Superior Court for Muscogee County, Georgia.

Defendant Minter represents Defendant Blach in the federal and state court actions in Georgia. As part of this representation, he has argued that Plaintiff is not a good-faith creditor and is committing a fraud on the court.

Plaintiff alleges that, from 2015 to 2017, Defendants have made numerous defamatory statements about him. (Doc. 16, ¶ 33.) Defendants have falsely accused him of fraud and unethical conduct in violation of the Georgia Rules of Professional Conduct in the following communications: (1) their pleadings in the federal and state court proceedings in Georgia, (2) a complaint to the State Bar of Georgia, (3) letters to judge(s)

---

[1] Whether that assignment was valid is not an issue before this Court at this time and the Court need not resolve the issue in order to determine that venue in this district is improper.

2

and attorney(s) in Georgia, and (4) an interview with Greg Land, a reporter with the Fulton County Daily Report.[2] Based on Greg Land's interview, the Daily Report published an article about the Parties' garnishment litigation, and the article quoted Defendant Minter as saying, "I'm arguing that it's a fraudulent arrangement; impermissible, unethical, and void." (Doc. 1, p. 9.)

Plaintiff alleges that Defendants' statements were "intended to harm [him] personally in his home state of Florida and in his professional status as [a] member of the Georgia Bar." (Doc. 16, p. 5.) Although Plaintiff alleges that he was injured by Defendants' statements in Florida, he does not specify any actual damages he sustained.

## DISCUSSION

Defendants argue that the Court should dismiss Plaintiff's First Amended Complaint because the Court lacks personal jurisdiction over Defendants, venue in the Middle District of Florida is improper, Plaintiff has failed to state a claim upon which relief can be granted, and Plaintiff has failed to join a party required under Rule 19. In evaluating these arguments, the Court must accept all factual allegations contained in the Complaint as true and construe those allegations in the light most favorable to Plaintiff. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (internal citation omitted). In this case, the Court need not reach most of Defendants' arguments because it is apparent that venue in this district is improper.

---

[2] The Daily Report is a newspaper that reports legal news in Georgia. It is published both in print and online.

3

A plaintiff may file a civil lawsuit in one of the following forums:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The first two options are "preferred judicial districts," whereas the third option is a "fallback." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 578 (2013). It is Plaintiff's burden to demonstrate that the chosen venue is appropriate. *Wildfire Grp., LLC v. Prime Ins. Co.*, 974 F. Supp. 2d 1333, 1337 (M.D. Ala. 2013); *see also Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988) (plaintiff must make prima facie showing of venue).

Plaintiff argues that venue in the Middle District of Florida is proper because that is where a substantial part of the events giving rise to his claim occurred. More specifically, he argues that venue in this district is proper because Defendants' defamatory statements were directed to him in his home state of Florida and thereby injured him in Florida.

Even if the Court assumes as true that Defendants' defamatory statements were directed to Plaintiff in Florida, that does not mean that a substantial part of the events giving rise to Plaintiff's defamation claim occurred in Florida. Instead, it is clear from the pleadings that most, if not all, of the events giving rise to Plaintiff's claim occurred in Georgia. All of the allegedly defamatory statements made by Defendants were made in Georgia—in pleadings filed in the Middle District of Georgia, in letters sent in the Middle

4

District of Georgia, and in an interview conducted in either the Middle District or Northern District of Georgia.[3]

The only event giving rise to Plaintiff's claim that occurred in Florida could be the injury caused to Plaintiff. In his First Amended Complaint, Plaintiff alleges that Defendants' "statements have caused injury to [him] in Florida." (Doc. 16, ¶ 44.) However, Plaintiff does not describe that injury in either the Complaint or his Responses because he is arguing that Defendants' statements are per se defamatory (i.e., because they relate to his profession as a lawyer). Florida state law does not require a plaintiff to prove injury from a defamatory statement when the statement imputes "conduct . . . incompatible with the proper exercise of [the plaintiff's] lawful . . . profession" because the natural and proximate consequence of the statement is to injure the plaintiff's "official and business relations." *Wolfson v. Kirk*, 273 So. 2d 774, 777 (Fla. Dist. Ct. App. 1973) (internal citations omitted).

Although Defendants' statements were related to Plaintiff's profession as a lawyer, the bulk of the injury they caused to Plaintiff's career would have occurred in Georgia, where Plaintiff is licensed to practice law. This inference is bolstered by the fact that Defendants made their allegedly defamatory statements in pleadings in Georgia, to judges in Georgia, and to a newspaper for legal practitioners in Georgia. Plaintiff himself seems

---

[3] The pleadings do not specify where Defendant Minter's interview with Greg Land took place. Defendant Minter resides in the Middle District of Georgia, but the Daily Report is based out of Atlanta, which is located in the Northern District of Georgia.

to acknowledge this, noting that Defendants' actions were intended to harm him "in his professional status as a member of the Georgia Bar." (Doc. 16, p. 5.)

The Court concludes that the Middle District of Florida is not a proper venue for this action. Defendants do not reside in this district, nor did a substantial portion of the events giving rise to Plaintiff's claim occur in this district. The Court need not analyze whether this district could be a "fallback" venue because there is a "preferred" district for this action—the Middle District of Georgia. As discussed above, a substantial portion of the events giving rise to this action occurred there.

When a court determines that venue in its district is improper, it must either dismiss the action or transfer it to a judicial district in which it could have been brought. 28 U.S.C. § 1406(a). Transfer is appropriate when in the interests of justice. *Id*. The Court will transfer this action to the Middle District of Georgia because there is no evidence that Plaintiff filed here in bad faith and the transfer will not prejudice Defendants.

Lastly, the Court notes that even if this district was a proper venue, transfer to the Middle District of Georgia would still be appropriate under 28 U.S.C. section 1404(a) based on the factors outlined by the Eleventh Circuit. *See Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005). For example, the Middle District of Georgia will be a more convenient venue to obtain relevant documents and the attendance of non-party witnesses, given that most events giving rise to Plaintiff's claim occurred in Georgia. It will also be convenient for the Parties, who are already engaged in litigation in the Middle District of Georgia.

It is therefore ORDERED AND ADJUDGED that:

1. The Clerk of Court shall transfer this action to the U.S. District Court for the Middle District of Georgia.

2. Thereafter, the Clerk shall administratively close this case.

3. Defendants' motions shall remain pending in the U.S. District Court for the Middle District of Georgia so that the court can evaluate Defendants' arguments that Plaintiff has failed to state a claim upon which relief can be granted and/or failed to join a required party.

**DONE** and **ORDERED** in Tampa, Florida, on May 17th, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record